Christopher WILLS, Appellant

v.

UNITED STATES of America;
Cameron Lindsay.

No. 09–4217.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Jan. 14, 2010.

Opinion filed: Jan. 20, 2010.

Christopher Wills, Canaan USP, Waymart, PA, for Plaintiff–Appellant.

Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, for Defendant–Appellee.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Christopher Wills, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an order denying his motion for reconsideration. We will affirm.

In 2001, Wills was convicted in the United States District Court for the Eastern District of Virginia of kidnapping resulting in death in violation of 18 U.S.C.

§ 1201(a)(1) and interstate stalking resulting in death in violation of 18 U.S.C. § 2261A. Wills was sentenced to life in prison without parole. The United States Court of Appeals for the Fourth Circuit affirmed Wills's conviction on direct appeal and the United States Supreme Court denied his petition for a writ of certiorari.

In 2006, the United States District Court for the Eastern District of Virginia denied Wills's motion to vacate sentence pursuant to 28 U.S.C. § 2255. The Fourth Circuit Court of Appeals denied Wills's request for a certificate of appealability and the United States Supreme Court denied his petition for a writ of certiorari. In 2007, Wills filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, which the District Court construed as a successive § 2255 motion and dismissed for lack of jurisdiction. We dismissed Wills's subsequent appeal because it was untimely filed. *See* C.A. No. 08–1933.

In 2009, Wills filed another habeas petition in District Court pursuant to § 2241 claiming, as he had in 2007, that his conduct did not satisfy the federal jurisdictional element of the kidnapping statute because he did not accompany his victim across state lines. Wills argued that a 2006 amendment to the statute expanded federal jurisdiction to reach his conduct, which involved deceiving his victim to voluntarily travel across state lines to seek a purported job opportunity.[1] Wills maintained that he could seek relief under § 2241 under our decision in *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). The District Court disagreed that Wills could seek relief under § 2241 and dismissed his habeas petition for lack of jurisdiction. The District Court also denied Wills's motion for reconsideration. This appeal followed.

As recognized by the District Court, motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective because the sentencing court denies relief or because the petitioner is unable to meet the gatekeeping requirements of § 2255. *Cradle v. United States*, 290 F.3d 536, 538–39 (3d Cir.2002) (per curiam). Rather, a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. *Id.* at 538.

Wills has not made such a showing. Wills litigated pre-trial the issue of whether the facts alleged in the indictment satis-

---

1. The statute in effect at the time of Wills's offense defined kidnapping as:
   (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person ... when—(1) the person is willfully transported in interstate or foreign commerce;
   18 U.S.C. § 1201(a)(1) (1998). The statute, as amended in 2006, defines kidnapping as:
   (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person ... when—(1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;
   18 U.S.C. § 1201(a)(1) (2006).

fied the jurisdictional element of the kidnapping statute. *See United States v. Wills,* 234 F.3d 174, 179 (4th Cir.2000) (holding that the fact that Wills willfully caused unaccompanied travel over state lines was sufficient to confer federal jurisdiction under 18 U.S.C. § 1201(a)(1)). Wills raised the issue again on direct appeal, *United States v. Wills,* 346 F.3d 476, 487 (4th Cir.2003), and in his § 2255 proceedings. The fact that Wills was unsuccessful or may be barred from filing a second § 2255 motion does not render § 2255 inadequate or ineffective.

We agree with the District Court that this case is distinguishable from *In re Dorsainvil,* 119 F.3d at 248, in which we held that the petitioner could raise a claim under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in a habeas petition pursuant to § 2241. The petitioner in *Dorsainvil* had no earlier opportunity to challenge his conviction for a crime that the intervening change in substantive law in *Bailey* may have negated. *Id.* at 251.[2] Unlike in *Dorsainvil,* the 2006 amendment to § 1201(a)(1) is not an intervening change in substantive law that may have negated the crime for which Wills is incarcerated. To the contrary, Wills concedes that his conduct is covered by the amended statute.

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's orders.[3]

---

**2.** In *Bailey,* the Supreme Court held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime." *Dorsainvil,* 119 F.3d at 247 (citation omitted).

**3.** Wills's request for appointment of counsel is denied.